United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 07-40085
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PRUDENCIANO BELMONTES-CASTRO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-855-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Prudenciano Belmontes-Castro (Belmontes) appeals his guilty-plea conviction and 57-month sentence for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He concedes that his argument is foreclosed by circuit precedent, but he raises it to preserve it for further review. The argument fails as the Supreme Court has since affirmed the use of a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007).

Belmontes's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Belmontes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Belmontes properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.